UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSEPH WITCHARD,**

    **Plaintiff,**

v.                                              Case No: 6:14-cv-2042-Orl-41TBS

**JEFFREY MORALES and J. PEREZ,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant Jeffrey Morales' Motion to Dismiss or for Summary Judgment ("Motion," Doc. 80) and Plaintiff's Response thereto (Doc. 83). As set forth below, the Motion will be granted.

**I.    FACTUAL BACKGROUND**

Plaintiff filed a Sixth Amended Civil Rights Complaint ("Sixth Complaint," Doc. 29) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. In February 2010, Plaintiff was serving a two-year prison sentence in the State of Florida (*Id.* at 8-9). Defendants Seeger, Keith, and Ololade[1] executed a search warrant on February 26, 2010, and seized a manuscript after a search of Plaintiff's home (Doc. 29 at 9). According to Plaintiff, this evidence was used against him on April 30, 2014, to obtain a federal Indictment in this Court in case number 6:14-cr-112-Orl-37GJK.[2] (*Id.* at 9, 11).

Plaintiff states that on May 1, 2014, Defendants Seeger and Keith conspired with Defendant Morales to manufacture an arrest warrant and illegally arrest and detain him in violation

---

[1] These Defendants were dismissed from this action on August 16, 2017. (Doc. 85).

[2] Case Number 6:14-cr-112-Orl-37DAB will hereinafter be referred to as the "Criminal Case."

of his Fourth Amendment rights. (*Id.* at 9, 11-12). Plaintiff also alleges he was then transported to the Seminole County Jail ("Jail"), where Defendant Morales violated his Fourth Amendment rights by illegally recording his jail telephone calls. (*Id.* at 9-10). Plaintiff notes that these recorded calls were later used against him in the Criminal Case. (*Id.* at 10). Plaintiff was convicted in the Criminal Case of numerous counts of mail fraud, filing false claims to a department or agency of the United States, theft of government property, and aggravated identity theft. *See* Criminal Case Doc. Nos. 96 and 111.

## II. LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Generally, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). In

the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### III. DISCUSSION

#### A. Falsification of Arrest Warrant, False Arrest, and Illegal Detention

Plaintiff contends that the arrest warrant was falsified and he was illegally arrested and detained. Defendant Morales does not address this claim because counsel incorrectly states that he was only named in Plaintiff's claim related to the illegally recorded telephone calls. (Doc. 80 at 3, n.1). Nevertheless, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted.

To establish § 1983 liability, a plaintiff must show "'proof of an affirmative causal connection'" between a defendant's actions and the alleged constitutional violation, which "'may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation.'" *Brown v. City of Huntsville*, 608 F.3d 724, 737 (11th Cir. 2010) (quoting *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)). The Eleventh Circuit stated "[m]erely being present . . . at the scene is not enough. . . ." *Id.*

The allegations in the Sixth Complaint do not link Defendant Morales to the arrest warrant, arrest, or detention. Plaintiff states that he did not have contact with Defendant Morales until after he was booked in the Jail. (Doc. 29 at 9-10). There is no allegation that Defendant Morales assisted in obtaining the arrest warrant or that he participated in Plaintiff's arrest or booking at the jail. Plaintiff has failed to demonstrate that Defendant Morales was personally involved in these matters. Therefore, Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(a) and (b) (allowing a federal district court to dismiss a claim for failure to state a claim).[3]

---

[3] The Court also notes that Plaintiff fails to state a claim for illegal arrest because probable cause existed to support the arrest and initiation of his federal prosecution. *See* Doc. 85 (concluding

B.  **Illegal Recording of Jail Telephone Conversations**

Plaintiff also challenges the recording of his jail telephone conversations. Defendant Morales asserts that he is entitled to qualified immunity on this claim. (Doc. 80 at 3).

The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (quotation omitted). "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (citations omitted) (quotations omitted). To benefit from the qualified immunity doctrine, a defendant must first prove he or she was acting within the scope of his or her discretionary authority. *See Vineyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).

Once a defendant demonstrates he or she was acting within his or her discretionary authority, the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate. *Lumley v. City of Dade City*, 327 F.3d 1186, 1194 (11th Cir. 2003). The Supreme Court has set forth a two-part test for the qualified immunity analysis. First, a court must determine "whether [the] plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If Plaintiff's version of the facts set forth the violation of a constitutional right, the next step is to ask whether the right was clearly established at the time of the alleged

---

Plaintiff failed to state a claim for false arrest or malicious prosecution because he could not demonstrate Defendants lacked probable cause and the Criminal Case did not terminate in his favor) (citing *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014); *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004)). Additionally, Plaintiff's claim alleging illegal detention is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because it necessarily implies the invalidity of his federal convictions and sentences, which were affirmed on direct appeal. *See United States v. Witchard*, 646 F. App'x 793 (11th Cir. 2016).

conduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). It is within a court's discretion to decide which prong of the qualified immunity analysis to address first. *See Pearson*, 555 U.S. at 236.

Defendant Morales does not make any assertions regarding whether he was acting within his discretionary authority. (Doc. 80). Therefore, the Court assumes that Defendant Morales was acting within his discretionary authority as an officer of the Jail for qualified immunity purposes. Consequently, the Court will consider whether a constitutional violation occurred.

The Fourth Amendment protects "'[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches or seizures.'" U.S. Const. amend. IV. To establish a Fourth Amendment violation, a plaintiff must demonstrate that he had a subjective expectation of privacy. *Gennusa v. Canova*, 748 F.3d 1103, 1111-12 (11th Cir. 2014). The *Gennusa* court noted that individuals who have been "arrested, were in police custody, and/or had some indication that they were being monitored" do not have a reasonable expectation of privacy in conversations that are not subject to the attorney-client privilege. *Id.* at 1111 (citation omitted); *see also United States v. Robinson,* No. 08-60179-CR, 2008 WL 5381824, at *14 (S.D. Fla. Dec. 19, 2008), *report and recommendation adopted,* No. 08-60179-CR, 2009 WL 33307 (S.D. Fla. Jan. 6, 2009) (noting that "[n]umerous courts . . . have held as a matter of law that there is no reasonable expectation of privacy in outgoing telephone calls from a prison, even if there is no actual notice that the calls will be intercepted.") (collecting cases).

Plaintiff's recorded conservations were not with his attorney; instead, he alleges that the recorded telephone conversations were with his wife. The Sixth Complaint contains no allegations that Plaintiff was unaware of the recordings or that he had a reasonable expectation of privacy such that recording the calls violated the Fourth Amendment. *See Moss v. Knox*, No. 516CV00010MTTMSH, 2017 WL 1425603, at *7 (M.D. Ga. Jan. 5, 2017), *report and recommendation adopted*, No. 5:16-CV-10 (MTT), 2017 WL 1429193 (M.D. Ga. Apr. 20, 2017) (dismissing the plaintiff's claim that jail officials violated his Fourth Amendment rights when they

recorded his private conversations). Plaintiff has not demonstrated a clearly established constitutional violation on the part of Defendant Morales. Accordingly, Defendant's Motion to Dismiss will be granted on this basis.

### C. Unserved Defendant

Plaintiff also files suit against Defendant Perez. (Doc. 29 at 7). The United States Marshals Service ("Marshal") attempted to serve Defendant Perez by certified mail, and service was quashed because it did not comply with Rule 4(e) of the Federal Rules of Civil Procedure. (Doc. Nos. 44, 50, and 73). Plaintiff was given an opportunity to personally serve Defendant Perez; however, the summons was returned unexecuted because Defendant Perez is no longer employed at the jail. (Doc. Nos. 74 and 78). The Court granted Plaintiff one final opportunity to provide an address at which to serve Defendant Perez and warned him that no further service attempts would be made. (Doc. 92) (citing Rule 4(m) of the Federal Rules of Civil Procedure).

Rule 4(m) of the Federal Rules of Civil Procedure provides that if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Eleventh Circuit has held that in the case of a *pro se* prisoner, a federal court should not dismiss a correctional officer defendant who no longer works at the prison or jail if a "court-appointed agent can locate the prison-guard defendant with reasonable efforts." *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

The Sixth Complaint was filed on August 21, 2015. (Doc. 29). Plaintiff was given adequate time and several opportunities to serve Defendant Perez. Additionally, because Defendant Perez's address is unknown, the Marshal was unable to locate Defendant Perez after using reasonable efforts. Plaintiff argues that Defendant Perez appeared in this action and is represented by counsel. (Doc. 96). However, the Court notes that counsel appeared only in a limited capacity when he moved to quash service as to Defendant Perez. (Doc. Nos. 66 and 97). As noted above, service of

process was quashed. (Doc. 73). In light of these facts, the Court concludes that the action against Defendant Perez will be dismissed without prejudice.

## IV.  CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant Morales' Motion to Dismiss (Doc. 80) is **GRANTED**. Defendant Morales is **DISMISSED** from this action.
2. Defendant Perez is **DISMISSED** from this action without prejudice.
3. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 16, 2018.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party